IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

WILLIAM. H. SMITH,

        Plaintiff,        Case No. 3:09-cv-238

vs.        Judge Thomas M. Rose

MICHAEL J. ASTRUE,        Magistrate Judge Sharon L. Ovington
Commissioner of Social Security,

        Defendant.

_____

**ENTRY AND ORDER GRANTING IN PART AND OVERRULING IN PART THE COMMISSIONER'S OBJECTIONS (Doc. #13) TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS; OVERRULING THE COMMISSIONER'S OBJECTIONS (Doc. #16) TO THE MAGISTRATE JUDGE'S SUPPLEMENTAL REPORT AND RECOMMENDATIONS; ADOPTING THE MAGISTRATE JUDGE'S SUPPLEMENTAL REPORT AND RECOMMENDATIONS IN THEIR ENTIRETY; REVERSING THE COMMISSIONER'S DECISION THAT SMITH WAS NOT DISABLED; REMANDING THIS MATTER TO THE COMMISSIONER FOR PAYMENT OF DIB AND TERMINATING THIS CASE**

_____

        Plaintiff William H. Smith ("Smith") has brought this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Defendant Commissioner of Social Security (the "Commissioner") denying his application for Social Security Disability Insurance Benefits ("DIB"). On April 28, 2010, United States Magistrate Judge Sharon L. Ovington entered a Report and Recommendations (doc. #12) recommending that the Commissioner's non-disability decision regarding Smith be reversed and that Smith's case be remanded to the Social Security Administration for payment of DIB and SSI consistent with the Social Security Act.

The Commissioner subsequently filed Objections. (Doc. #13.) Among these Objections was one that Smith had not applied for SSI benefits. Magistrate Judge Ovington then issued a Supplemental Report and Recommendations recommending that the Commissioner's non-disability decision be reversed and that Smith's case be remanded to the Social Security Administration for payment of DIB (only) consistent with the Social Security Act. (Doc. #14.) The Commissioner again objected (doc. #15) and the time has run and Smith has not responded to the Commissioner's Objections to the Supplemental Report and Recommendations. This matter is, therefore, ripe for decision.

Based upon the reasoning and citations of authority set forth in the Magistrate Judge's Report and Recommendations (doc. #12) and Supplemental Report and Recommendations (doc. #14) and in the Commissioner's Objections to both (docs. #13 and 16) and Smith's Reply to the Commissioner's initial Objections (doc. #15), as well as upon a thorough de novo review of this Court's file, including the Administrative Transcript, and a thorough review of the applicable law, this Court adopts the aforesaid Supplemental Report and Recommendations in its entirety and, in so doing, reverses the Commissioner's decision that Smith was not disabled. Finally, the Commissioner's Objections to the Magistrate Judge's Report and Recommendations are granted in part and overruled in part and the Commissioner's Objections to the Supplemental Report and Recommendations are overruled.

This Court's function is to determine whether the record as a whole contains substantial evidence to support the Administrative Law Judge's ("ALJ's") decision. *Bowen v. Commissioner of Social Security*, 478 F.3d 742, 745-46 (6th Cir. 2007). This court must also determine whether the ALJ applied the correct legal criteria. *Id.*

2

Regarding the substantial evidence requirement, the ALJ's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citing *Consolidated Edison Company v. NLRB*, 305 U.S. 197, 229 (1938)); *Landsaw v. Secretary of Health and Human Services*, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson*, *supra*, at 401; *Ellis v. Schweicker*, 739 F.2d 245, 248 (6th Cir. 1984). Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a matter of law) against the ALJ/Commissioner if this case were being tried to a jury. *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988); *NLRB v. Columbian Enameling and Stamping Company*, 306 U.S. 292, 300 (1939).

The second judicial inquiry - reviewing the ALJ's legal criteria - may result in reversal even if the record contains substantial evidence supporting the ALJ's factual findings. *See Bowen*, 478 F.3d at 746. A reversal based on the ALJ's legal criteria may occur, for example, when the ALJ has failed to follow the Commissioner's "own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right. *Bowen*, 478 F.3d at 746(citing in part *Wilson v. Commissioner of Social Security*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

In this case, the ALJ applied the correct legal criteria but the ALJ's decision is not supported by substantial evidence. WHEREFORE, based upon the aforesaid, the Commissioner's Objections to the Magistrate Judge's Report and Recommendations (doc. #13) are GRANTED IN PART and OVERRULED IN PART and the Commissioner's Objections to

the Magistrate Judge's Supplemental Report and Recommendations (doc. #16) are OVERRULED. This Court adopts the Supplemental Report and Recommendations of the United States Magistrate Judge (doc. #14) in its entirety. The Commissioner's decision that Smith was not disabled is REVERSED and the matter is REMANDED to the Social Security Administration for the payment of DIB benefits consistent with the Social Security Act..

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

**DONE** and **ORDERED** in Dayton, Ohio, this Twenty-Eighth Day of June, 2010.

.                                              **s/Thomas M. Rose**
                                               _____
                                               JUDGE THOMAS M. ROSE
                                               UNITED STATES DISTRICT COURT

Copies furnished to: Counsel of Record