## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| WILLIAM H. SMITH, | **:** | |
| Plaintiff, | **:** | Case No. 3:09cv00238 |
| vs. | **:** | District Judge Thomas M. Rose |
| | | Magistrate Judge Sharon L. Ovington |
| MICHAEL J. ASTRUE, | **:** | |
| Commissioner of the Social | | |
| Security Administration, | **:** | |
| Defendant. | **:** | |

## REPORT AND RECOMMENDATIONS[1]

Plaintiff previously obtained a remand of this matter to the Social Security

Administration.  (Doc. #s 12, 14, 17).   The case is before the Court upon Plaintiff's

Motion For Attorney Fees Under Equal Access To Justice Act (EAJA), 28 U.S.C.

§2412(d)(Doc. #19), the Commissioner's Response (Doc. #20), and the record as a

whole.  Plaintiff seeks an award of attorney fees totaling $3,963.59 (23.3 hours x $170.11

per hour).  (Doc. #19).

The EAJA requires the Government to pay a prevailing social security plaintiff's

attorney fees "unless the court finds that the position of the United States was

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and
Recommendations.

substantially justified or that special circumstances make an award unjust."  28 U.S.C.

§2412(d)(1)(A).  In the present case, the Commissioner does not specifically contend that

its position was substantially justified or that a special circumstance would make an

EAJA award unjust.  *See* Doc. #20.  In light of this, and for the reasons set forth in the

prior Report and Recommendations, Supplemental Report and Recommendations, and

Entry and Order remanding the case to the Social Security Administration, *see* Doc. #s

12, 14, 17, the Commissioner's position in this case was not substantially justified and not

circumstance exists that would make an EAJA award unjust.  *See Pierce v. Underwood*,

487 U.S. 552, 565, 566 n.2 (1988); *see also Howard v. Barnhart*, 376 F.3d 551, 554 (6th

Cir. 2004).  Plaintiff is therefore entitled to an EAJA award.  *See* 28 U.S.C.

§2412(d)(1)(A); *see also Howard*, 376 F.3d at 554.

The Commissioner contends that the EAJA award Plaintiff seeks is excessive

because the government should not be required to pay for the time Plaintiff's counsel

spent in October 2009 discussing, creating, and processing a motion to extend the briefing

schedule. This contention is well taken.  Although the administrative record of this case

was lengthy, Plaintiff's need for an extension was not fairly attributable to the

government.  *See Burr v. Bowen*, 782 F.Supp. 1285, 1290 (N.D. Ill. 1992); *see also*

*Mischka v. Astrue*, 2010 WL 4923093 at *2 (N.D. Ohio 2010); *Coppernoll v. Astrue*,

2009 WL 3482120 at *5 (W.D. Wis. 2009).  The entries in October 2009 for such time

amount to .5 hours, necessitating a reduction of $85.06.

The Commissioner also seeks a reduction for time spent on "administrative tasks,

including filing and drafting cover letters." (Doc. #20 at 438).  The Commissioner, however, has not pointed to specific entries or a time period showing when such work occurred and does not state a total amount of the reduction he seeks for such work.  The Commissioner has therefore not shown that the requested reduction should be made.

The Commissioner lastly asks the Court not to award EAJA fees directly to Plaintiff's counsel in light of  *Ratliff v. Astrue*, __U.S.__, 130 S.Ct. 2521, 2524, 177 L.Ed.2d 91 (2010).  In *Ratliff* the Supreme Court held:  "a §2412(d) fees award is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States."  __U.S. at __, 130 S.Ct. at 2524; *see Bryant v. Commissioner of Soc. Sec.*, 578 F.3d 443, 447 (6th Cir. 2009)(same).  In so holding, the Supreme Court recognized that historically the Commissioner paid EAJA fees directly to a prevailing plaintiff's attorney.  __U.S. at __, 130 S.Ct. at 2528-29.  The Court further noted that, based on the record before it, "the Government has since continued the direct payment practice only in cases where the plaintiff does not owe a debt to the [G]overnment and assigns the right to receive the fees to the attorney."  *Id*. at 2529 (internal quotation marks omitted).

In the present case, the record lacks evidence tending to show that Plaintiff in fact owes a pre-existing debt to the United States that might cause his EAJA award to be subject to an offset under *Ratliff*.  The Commissioner, instead, explains that if EAJA fees are awarded, "the government will evaluate the propriety of directing payment to the attorney pursuant to an assignment." (Doc. #20 at 439).  Because the Government

effectively acknowledges that it does not know whether Plaintiff owes it a pre-existing

debt, no ripe *Ratliff* issue exists.  This conclusion is confirmed by *Ratliff* itself, where the

government sought an EAJA offset based on its knowledge that the plaintiff owed it a

debt that pre-dated the district court's approval of the EAJA award.  __U.S. at __, 130

S.Ct. at 2424-25.  In the present case, the Commissioner lacks such knowledge, and there

is consequently no ground for the Commissioner to avoid or delay honoring Plaintiff's

assignment of his EAJA fees to counsel.  *Cf. Ratliff*, __U.S. at __, 130 S.Ct. at 2530 ("the

litigant's obligation to pay her attorney is controlled not by the EAJA but by contract and

the law governing that contract.")(Sotomayor, J., concurring).

Accordingly, Plaintiff's EAJA motion is well taken, minus the reduction of

$85.06, discussed above.  The total EAJA award should therefore be $3,878.53

($3,963.59 – $85.06).

## IT IS THEREFORE RECOMMENDED THAT:

1.    Plaintiff's Motion For Attorney Fees Under Equal Access To Justice Act,
      28 U.S.C.§2412(d) (Doc. #19) be GRANTED in the amount of $3,878.53;

2.    The Clerk of Court be directed to enter Judgment in favor of Plaintiff and
      against the Commissioner of the Social Security Administration in the total
      amount of $3,878.53;

3.    The Commissioner be directed to pay Plaintiff's EAJA award directly to his
      counsel of record; and

4.    The case remain terminated on the docket of this Court.

March 11, 2011

s/Sharon L. Ovington

Sharon L. Ovington
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).